JOURNAL ENTRY and OPINION
Austin Q. Aitkens appeals from sentences imposed by the common pleas court in four separate cases where he had been convicted of four separate fifth-degree felonies: at the same sentencing hearing, in Case Nos. CR-372875 and CR-375951, the court imposed consecutive terms of one-year incarceration for each forgery conviction, but in Case Nos. CR-377874 and CR-378878, the court imposed four years of community control sanctions for receiving stolen property and forgery. On appeal, Aitkens argues the court, in effect, found him both amenable and, at the same time, not amenable to community control, and he claims these are mutually exclusive findings and he cannot be both amenable and not amenable to community control sanctions because all four cases involved the forgery of checks. After reviewing the record and the provisions of R.C. 2929.13, we have concluded that the court properly exercised its discretion in imposing both prison terms and community control sanctions; accordingly, we affirm the judgment of the trial court.
The record before us reveals that a grand jury indicted Aitkens in four separate cases; subsequently, he entered guilty pleas to single counts of forgery in Case Nos. CR-372875, CR-375951 and CR-378878 and to receiving stolen property in Case No. CR-377874, all felonies of the fifth degree. Thereafter, the court then sentenced him to maximum consecutive prison terms of one year each for the forgery convictions in CR-372875 and CR-375951 and imposed, upon his release from the penitentiary, community control sanctions for the forgery and receiving stolen property convictions in CR-378878 and CR-377874.
Aitkens now appeals, raising one assignment of error for our review. It states:
 THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO COMMUNITY CONTROL SANCTIONS AND A TERM OF INCARCERATION SIMULTANEOUSLY, EFFECTIVELY FINDING THAT APPELLANT BOTH WAS AND WAS NOT AMENDABLE TO COMMUNITY CONTROL SANCTIONS.
Aitkens argues that the court erred in sentencing him to prison in CR-372875 and CR-375951, effectively finding him not amenable to community control sanctions but then, during the same hearing, effectively finding him amenable to community control sanctions in CR-378878 and CR-377874. Aitkens argues that these are inconsistent and that he either is or is not amenable to community control sanctions. The state counters that the sentencing guidelines do not expressly prohibit the combination of a prison term and community control sanctions.
This appears to be a case of first impression, with the narrow issue presented for our resolution involving the interpretation of R.C. 2929.13
and whether that statute permits the imposition of both prison terms and community control sanctions during a single sentencing hearing on multiple cases.
We begin our analysis with R.C. 2929.13(B)(2), which sets forth the guidelines for imposing a prison term or community control sanctions:
* * *
 (a) If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12
of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender.
 (b) Except as provided in division (E), (F), or (G) of this section, if the court does not make a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11
of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender.
Aitkens urges that these provisions are mutually exclusive and that a court cannot find a defendant both amenable and not amenable to community control sanctions. Although such findings may appear to be inconsistent, this argument ignores the other aspects of R.C. 2929.13(B)(2), e.g.,
whether any of the factors in R.C. 2929.13(B)(1) apply and whether a prison term or community control sanctions are consistent with the purposes and principles of sentencing.
Although Aitkens argues that all four cases involved the forgery of checks, depending on the circumstances of each case the court could have found community control sanctions appropriate for two cases and prison terms appropriate for the other two, as R.C. 2929.13(A) allows this kind of disposition and is determinative of this appeal. That statute provides in part:
 * * * a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code. * * * (Emphasis added.)
That is exactly what the court did in this case; the court imposed a combination of sanctions on Aitkens including prison terms pursuant to R.C. 2929.14 and community control sanctions pursuant to R.C. 2929.15. R.C. 2929.13(A) specifically authorizes a court to exercise its discretion in sentencing an offender to any sanction or combination of sanctions provided for by law.
Based on the foregoing, the court properly exercised its discretion in sentencing Aitkens to prison and to community control sanctions. Accordingly, we reject this assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., P.J. and DIANE KARPINSKI, J. CONCUR.